W. T. & M. COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8778, 13093. Promulgated April 20, 1928.

*W. B. Beaizley, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

724

## OPINION.

TRUSSELL: In the third issue we are controlled by our opinion in *L. S. Ayers & Co.*, 1 B. T. A. 1135, holding that current earnings available for dividends may not be reduced by a tentative tax, and we therefore reverse respondent.

In the fourth issue, the adjustments of invested capital for income and profits taxes for the next preceding years are squarely within the provisions of section 1207 of the Revenue Act of 1926 and should be made in accordance with the regulations in force in respect of the taxable year. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168. Additional Federal income and profits taxes for years prior to the next preceding years are deductible from invested capital in full if not barred by the statute of limitations, *Daily Pantagraph, Inc.*, 9 B. T. A. 1173, based upon the tax liabilities finally determined, *Hooven, Owens, Rentschler Co.*, 9 B. T. A. 1376.

This disposes of minor issues and brings us to the main issues, numbered 1 and 2. We will consider them together. They relate to amounts of allowances for depletion and wear and tear, exhaustion and obsolescence deductible from income, and to the values of the assets, subject to the depletion and depreciation, properly allowable in invested capital.

Petitioner acquired for its capital stock an oil lease with a definite life of 20 years and in addition at various times thereafter it acquired physical properties the subject of wear and tear, exhaustion and obsolescence. At acquisition, petitioner set up on its books of account the

value of the leasehold and annually thereafter it has charged off aliquot parts of such value based upon the life of 20 years. By way of allowance for the depreciation of physical properties 10 per cent of the book balance of the asset accounts was annually charged off, being deducted from the asset values on the books each year. In other words, petitioner computed the amount of the allowance on what is known as the declining-balance method. For the taxable years respondent has employed still another method known as the unit-of-production method, and he has computed the depreciation as well as the depletion by this method. In the simplest terms it consists in ascertaining a unit value based upon the estimated total quantity contained in the oil reserve and the aggregate of the values of the leasehold plus the physical properties, whereupon, in each year the deduction by way of allowance for depletion and depreciation is computed at the unit rate based upon the quantity of oil produced in the year. Petitioner contends for a method in which the time element of the life of the lease is the controlling factor. Respondent discards the element of time and is governed by the opinion that the recoverable oil reserve is the proper factor since the leasehold may have no further value after the supply of oil is exhausted. He contends as a matter of general principle that time is not an element in the case of natural resources subject to depletion through variable exhaustion of the assets.

It appears that the petitioner began operations under its lease of oil lands in the year 1910. It has, therefore, been subject to the provisions of each of the taxing acts known as the Excise Tax Act of 1909 and the Income Tax Acts of 1913 to 1921, inclusive. The Excise Tax Act of 1909 provides for the deduction from gross income of—

(Second) all losses actually sustained within the year and not compensated by insurance or otherwise, including a reasonable allowance for depreciation of property, if any, * * *.

This law made no provision for the deduction or setting aside of a reserve for the depletion of natural resources.

The Revenue Act of 1913 provides for the deduction from gross income of—

(Second) all losses actually sustained within the year and not compensated by insurance or otherwise, including a reasonable allowance for depreciation by use, wear and tear of property, if any; and in the case of mines a reasonable allowance for the depletion of ores and all other natural deposits, not to exceed 5 per centum of the gross value at the mine of the output for the year for which the computation is made; * * * [Par. G (b)].

The Revenue Act of 1916 provides for the deduction from gross income of—

Second. All losses actually sustained within the year in business or trade conducted by it within the United States and not compensated by insurance or

otherwise, including a reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade; (a) and in the case (a) of oil and gas wells a reasonable allowance for actual reduction in flow and production to be ascertained not by the flush flow, but by the settled production or regular flow; * * * [Sec. 12 (a)].

The Excise Tax Act of 1909 was effective from the time the petitioner began business until February 28, 1913. The Revenue Act of 1913 was effective from March 1, 1913, to December 31, 1915. The Revenue Act of 1916 was effective from January 1, 1916, to December 31, 1917.

The Revenue Act of 1918 made provisions for the deduction from gross income of depreciation and depletion as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence; * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided,* That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: * * *. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee; * * *.

The comparable provisions in the Revenue Act of 1921 are expressed in the same language as the foregoing provisions of the Revenue Act of 1918, except that to the above quoted subdivision 7 there are added the following words:

In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

The years here under review are the calendar years 1919 to 1922, inclusive, and in respect to these years the above quoted provisions of the Revenue Acts of 1918 and 1921 are mandatory in so far as the computation of net income is concerned. These provisions, however, are not retroactive and there is no authority of law under which these provisions of the taxing acts of 1918 and 1921 can be applied for any purpose to years or periods prior to January 1, 1918. During all the years from 1910 to 1917, inclusive, the petitioner, in the operation of its business, kept its accounts and made its income and profits-tax returns upon the basis of an accounting system adopted by it, and in such system it took deductions for depreciation of its equip-

ment and losses upon the capital value of its leasehold. Petitioner's tax returns for those years have been audited and accepted, and there is no evidence in this record that the deductions as taken by the petitioner were not in all respects reasonable and in substantial accord with the provisions of the several taxing acts applicable to the different years 1910 to 1917, inclusive. No issue is raised here as to whether the deductions thus taken were too great or too small in amount and it may not, therefore, be said that such deductions were not in accordance with the provisions of existing law. Under the Revenue Acts of 1918 and 1921 a different situation exists. These acts provide for reasonable allowances both for depreciation and depletion based upon March 1, 1913, values of depreciable and depletable assets. The respondent has made a determination of such March 1, 1913, values and so far as we can determine from this record the petitioner is not now questioning the fairness of the values so determined by the respondent. We are, therefore, of the opinion that in computing net income for 1918 and subsequent years the 1913 values determined by the respondent and the unit method of application which, so far as we can determine from the record, is reasonable and fair, should be accepted as to tax accounting of the petitioner since January 1, 1918, proper effect being given to additions to equipment in each year.

The statutory provisions for depletion and depreciation deductions apply only to the method of ascertaining the net taxable income. There is no necessary relation between the deductions thus allowed and the proper adjustments to surplus in the computation of invested capital. In the instant case invested capital for the taxable years must be found by going back first to the cash and property paid in for stock or shares. In this case it has been found as a fact that a 20-year leasehold was paid in for stock and that that leasehold at the time paid in had a cash value of $179,464. This value is admitted in the respondent's answer. During all the years from 1910 to 1917, inclusive, petitioner claimed and has been allowed, exhaustion of this leasehold value upon the basis of its term of years. It has also claimed and been allowed depreciation on its equipment on the basis during those years acceptable to itself, although now claimed to be unsatisfactory. There is nothing in the record, however, that convinces us that the allowances for exhaustion of leasehold and the allowances claimed and allowed for depreciation of equipment during the years 1910 to 1917, inclusive, were not reasonable in amount and in substantial accord with the provisions of taxing statutes in force during those several years. We are, therefore, of the opinion that in adjusting surplus for the purposes of invested capital for the taxable year the paid-in capital and undivided surplus and profits should be adjusted by giving effect to reserves for exhaustion and depreciation as claimed and

allowed to the petitioner for the period from 1910 to December 31, 1917, inclusive, and thereafter on the basis of depletion and depreciation allowances made under the Revenue Acts of 1918 and 1921.

*Judgment will be entered upon 20 days' notice, pursuant to Rule 50.*